## WILSON v. BAKER and Others.

### January 26, 1884.

3 Pac. 109.

Appeal.—Where the Evidence is Insufficient to Support the Findings the judgment will ·be reversed.

APPEAL from the Superior Court of Stanislaus County.

This was an action brought by plaintiff, a creditor of one Love, to compel defendants, also creditors of said Love, to sign a memorandum of an agreement entered into between said Love and all his creditors, whereby he was to make an assignment for their benefit; and also to restrain defendants from further pursuing proceedings for the recovery of their indebtedness by attachment against said debtor's property. The court found that the defendants, through an authorized agent, had entered into such agreement, and had consented to dismiss their attachment and suit on condition that plaintiff also dismiss his suit against said debtor; that plaintiff performed the conditions on his part, but that defendants fraudulently refused to dismiss their attachment or join in an assignment until their claim had become a lien preferred under the statute. Defendants appealed from an order refusing to grant a new trial.

Roche & Desbeck for appellants; W. E. Turner and Schell & Treat for respondent.

MYRICK, J.—The evidence is insufficient to support the findings of the court below in the following particulars: In finding 8, that Caldwell was authorized to act for and on behalf of the defendants at the meeting of creditors, and by his acts to bind the defendants, and to enter into any agreement or contract with Love or his creditors; finding 10, so far as it is found that the defendants, or any person thereto authorized by them, made or joined in or ratified the agreement set forth in said finding 10; the whole of finding 13; finding 14, so far as it states or infers that the defendants entered into any agreement; finding 17, so far as it is found

that the defendants, at the said meeting of creditors, agreed to sign any agreement; finding 20, as to any fraud on the part of defendants.

The judgment and order are therefore reversed and the cause is remanded for a new trial.

We concur: Thornton, J.; Sharpstein, J.